UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Jose Luis ESTRADA ROBLES;   Plaintiff, | ) ) ) ) | |
| v. | ) | No. |
| Donald NEUFELD, Director, National Benefits Center, US Citizenship and Immigration Services; Kirstjen NIELSEN,  Secretary, Department of Homeland Security; Jefferson SESSIONS, Attorney General; L. Francis CISSNA, Director, US Citizenship and Immigration Services;  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Agency ID No. A203160474 |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS; AND, FOR
DECLARATORY JUDGMENT

COMES NOW, JOSE LUIS ESTRADA ROBLES, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants challenging their interpretation of federal law and to compel action on an application for lawful permanent resident status, hereinafter referred to as "application," properly filed by the Plaintiff.   The application was properly filed and remains within the jurisdiction of the Defendants who have improperly applied the relevant statutory provisions and withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff Jose Luis ESTRADA ROBLES is a native and citizen of Mexico, born on April 18, 1989.  He is the beneficiary of an approved visa petition. and is an applicant for adjustment of status to Lawful Permanent Resident, filed with Defendants on October 18, 2010.

3. Defendant Donald NEUFELD is the Director of the National Benefits Center, United States Citizenship and Immigration Services (USCIS).   His jurisdiction includes the Plaintiff's residence, and he is the official with current jurisdiction over the Plaintiff's Application.  He is sued in his official capacity only.

4. Defendant L. Francis CISSNA is the Director of the United States Citizenship and Immigration Services (USCIS), the official charged with managing the agency and supervising subordinate officers.   He is sued in his official capacity only.

5. Defendant, Kirstjen NIELSEN, is the Secretary of the Department of Homeland Security (DHS).   She is responsible for the administration, implementation and enforcement of the immigration laws pursuant to 8 USC section 1103(a). She is sued in her official capacity only.

6.   Defendant, Jefferson Beauregard SESSIONS, is the Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 USC section 1103(g).  He is sued in his official capacity only.

## JURISDICTION

7.   Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq. (Declaratory Judgment Act).  This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651.  The issue presented is one of federal law and/or regulation.  Relief is requested pursuant to said statutes.

## VENUE

8.   Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.  More specifically, Plaintiff's Application to Register Permanent Residence or Adjust Status was properly filed with Defendants and is now pending before the National Benefits Center - U.S. Citizenship and Immigration Services (USCIS), the office having jurisdiction over the Plaintiff's residence.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted his administrative remedies.  His Application was properly filed with the Defendants on October 18, 2010, and was placed in "visa regress" by Defendants on February 18, 2011, due to a lack of available visa numbers. The visa number available for the Plaintiff's case became available on or about August 2011, yet the Defendants have taken no action on the Plaintiff's application to date, a period of over seven years.  There is no other forum in which to challenge the delay of an Application to Register Permanent Residence or Adjust Status, due to a failure of Defendants to perform the ministerial duties under the law.

## STATEMENT OF FACTS

10. The Plaintiff was born April 18, 1989, in Mexico.

11. The Plaintiff's Lawful Permanent Resident father filed an immigrant visa petition on his behalf on March 10, 2006, when the Plaintiff was 16 years of age, thereby establishing a visa priority date of March 10, 2006. 8 C.F.R. § 204.1(c); 22 C.F.R. § 42.53(a). The visa petition was approved on March 23, 2009. 8 U.S.C. § 1153(a)(4).

12. On October 18, 2010, the Plaintiff filed his Application to Adjust Status ("Application), with Defendants, and his visa priority date was then available. The Application was filed within one year of the availability of his visa priority date.

13. This Application was not processed due to the regression of the Plaintiff's priority date on February 1, 2011; and, the Plaintiff's Application was placed in "visa regress" a form of administrative hold, on February 18, 2011.

14. The Plaintiff's visa priority date became current in April of 2011.

15. On or about June 18, 2011, the Plaintiff's Application was transferred to the National Benefits Center "in an effort to enhance customer service", and the Plaintiff was told that he would be notified "by mail of any further actions USCIS must take to complete the process of your application."

16. On July 11, 2011, the Defendants requested an additional form from the Plaintiff, which he submitted within the required time on August 11, 2011.

17. Although the Plaintiff is now 29 years of age, he remains eligible for processing under the category of minor children of a Lawful Permanent Resident (category 2A), pursuant to section 1153(h) of the Immigration and Nationality Act, as amended by the Child Status Protection Act (CSPA). 8 U.S.C. § 1153(h); Pub. L. 107-208, § 3.

18. No further action has been taken on the Plaintiff's Application to date, nearly seven years have passed.

19. Plaintiff has been greatly damaged by the failure of Defendants to properly apply the law and perform their ministerial duties under the laws and regulations of the United States.  He has been prevented from traveling, hindered in finding employment, and left without lawful status in this country since 2010.

CAUSES OF ACTION

ACTION UNREASONABLY WITHHELD IN VIOLATION OF
THE ADMINISTRATIVE PROCEDURES ACT

20. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §

555.  A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).  "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

21.  The failure of the Defendants to approve the Plaintiff's properly-filed Application for nearly seven years violates the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

22.  Defendant's refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States.  Defendants willfully, and unreasonably, have refused to adjudicate Plaintiff's Application thereby depriving him of the right to earn a livelihood and the peace of mind to which he is entitled.

23.  Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the laws and regulations of the United States.  He has been prohibited from working, traveling and obtaining his Lawful Permanent Resident status.

24.  As a result of Defendants' actions, the Plaintiff has suffered and continues to suffer injury. Declaratory relief is therefore warranted.

## THE FAILURE OF DEFENDANTS TO
## ADJUDICATE THE IMMIGRANT VISA PETITION
## IS A FAILURE TO PERFORM THEIR MINISTERIAL DUTIES
## IN VIOLATION OF THE MANDAMUS ACT

25. The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 8 U.S.C. § 1361. Mandamus relief is available if a Plaintiff establishes: "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998)(citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).

26. Notwithstanding the discretionary authority to grant or deny the Plaintiff's Application (Form I-485, Adjustment of Status), the Defendants do not enjoy the authority to refuse to render *any* decision. 8 U.S.C. § 1255(a); INA § 245(a). The Plaintiff is entitled to a decision on his Application. 8 U.S.C. § 1103(a)(1); INA § 103(a)(1); and, 8 C.F.R. § 245.2; *Ahmadi v. Chertoff*, 522 F.Supp. 2d 816 (N.D. Tex. 2007).

27. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the laws and regulations of the United States. He has been prevented from traveling and seeing his family members and has been hindered in his attempts to secure suitable employment.

## REQUEST FOR DECLARATORY RELIEF

28. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully requests declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration of the ministerial obligation of the Defendants to adjudicate the Plaintiff's Application, and that their failure to comply is in violation of law. The Plaintiff also requests that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## REQUEST FOR ATTORNEY FEES AND COSTS

29. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which he respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## PRAYER

30. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be

cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiff's Application within a reasonable time, and to immediately issue any relevant notices essential to that act;

(b) issue a declaratory judgment stating that Plaintiff is entitled to the adjudication of his Application within a reasonable period of time from filing, and that Defendants have exceeded this measure;

(c) awarding Plaintiff reasonable attorney's fees; and

(d) grant such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/Denisse V. Miller
Denisse V. Miller
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24106312
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax

## **LIST OF ATTACHMENTS**

Exhibit     Description

  1      Copy of the Plaintiff's birth certificate, with translation.

  2      Copy of the Plaintiff's approved immigrant visa petition.

  3      USCIS filing receipts for the Plaintiff's Applications, Form I-485 and
         I-485A.

  4      USCIS Visa Regress Section notice, dated February 18, 2011.

  5      USCIS Notice of File Transfer to the National Benefits Center (NBC),
         dated June18, 2011.

<u>CERTIFICATE OF SERVICE</u>

I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus, and For Declaratory Judgment", including all attachments, was served on Defendants via US Postal Service Certified mail addressed as follows:

Jefferson B. Sessions
Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Kirstjen Nielsen
Secretary
US Department of Homeland Security
Washington, DC 20528

Donald Neufeld
Director, National Benefits Center
US Citizenship and Immigration Services
PO Box 648006
Lee's Summit, MO 64002

L. Francis Cissna
Director
US Citizenship and Immigration Services
20 Massachusetts Ave., NW, Room 4025
Washington, DC  20536

Ryan K. Patrick
US Attorney
1000 Louisiana, Ste. 2300
Houston, TX  77002

On the 9th day of October 2018.

Respectfully submitted,

/s/Denisse V. Miller

Denisse V. Miller
The Rushton Law Firm, P.L.L.C.
Counsel for Plaintiff
Texas Bar No. 24106312
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax